J-S52032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RASUL MOORE | : | |
| | : | |
| Appellant | : | No. 3211 EDA 2017 |

Appeal from the PCRA Order September 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0508041-2004

BEFORE: OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    Filed: December 13, 2019

Rasul Moore appeals from the order dismissing as meritless his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We conclude that he failed to plead and prove his counsel was ineffective for failing to object to the reasonable doubt jury instruction. We further conclude he has waived his remaining claims, as he did not raise them before the PCRA court. We thus affirm.

In March 2005, a jury convicted Moore of third-degree murder and possession of an instrument of crime ("PIC").[1] The trial court sentenced Moore to 20 to 40 years' imprisonment for the murder conviction and two and a half to five years' imprisonment for the PIC conviction. Moore appealed, and this

_____

[1] 18 Pa.C.S.A. §§ 2502(c) and 907, respectively.

Court affirmed. Moore filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on August 21, 2009.

In April 2010, Moore filed a PCRA petition. The PCRA court appointed counsel, who filed two amended petitions. In the amended petitions, Moore alleged trial counsel was ineffective for failing to object to the Commonwealth's use of Ada Patterson's police interview, in eliciting information from a police form that contained a description of the shooter, for failing to object and move for a mistrial when a witness stated he identified Moore from a mugshot, for advising Moore his criminal record could be used to impeach him if he testified, even though he had no *crimen falsi* offenses, and for failing to appeal the discretionary aspects of Moore's sentence. In January 2015, the PCRA court dismissed Moore's petition as meritless. Moore did not file a notice of appeal.

In August 2015, Moore filed a second PCRA petition, claiming he directed PCRA counsel to file an appeal, but counsel failed to do so. In March 2016, Moore filed a supplement to his PCRA petition, seeking relief under **Alleyne v. United States**, 570 U.S. 99 (2013). The court appointed new counsel. Counsel filed a motion for leave of court to supplement the amended PCRA petition with a claim challenging the reasonable doubt jury instruction given at trial, and counsel's ineffectiveness for not objecting to the instruction. Moore did not seek leave to raise any additional claims.

In September 2017, the PCRA court granted Moore's PCRA petition alleging ineffectiveness of PCRA counsel for failing to file an appeal of the

order dismissing his PCRA petition, finding he pled and proved a time-bar exception, and denied Moore's ***Alleyne*** claim:

> AND NOW, this 25 day of September, 2017, it is hereby ORDERED and DECREED that Petitioner's Petition is GRANTED as follows:
>
> Petitioner's claim requesting reinstatement of PCRA appellate rights is granted by agreement. Moore has met new fact exception plus 60 day requirement. Petitioner's claim that his sentence is illegal under ***Commonwealth v. Alleyne*** is dismissed because ***Commonwealth v. Alleyne*** does not apply retroactively. Daniel Silverman, Esquire appointed for purpose of appeal. Notice of Appeal to the Superior Court from the Denial of his PCRA Petition must be filed within 30 days of the date of this Order.

Order, filed Sept. 25, 2017.[2]

The order did not address the motion for leave to file a supplemental petition arguing counsel was ineffective for failing to object to the reasonable doubt jury instruction. The court ordered Moore to file a Rule 1925(b) concise statement of matters complained of on appeal, and Moore filed one in October 2017. The PCRA court did not file a Rule 1925(a) opinion until April 2019.[3] In that opinion, the PCRA court states that it granted counsel's motion for leave

---

[2] Moore's PCRA petition explained that he learned on July 9, 2015, via letter, that his counsel had not filed an appeal. Moore attached the letter to the petition, as well as correspondence from him to his lawyer requesting an appeal and seeking status updates as to his case. He filed the petition seeking reinstatement of his appeal rights in August 2015.

[3] In August 2018, this Court informed the trial court that the original record in this case had not yet been filed with this Court. In February 2019, we granted Moore's application to compel, and ordered that the trial court transmit the record and 1925(a) opinion within 30 days. This court received the original record in March 2019 and the 1925(a) opinion in April 2019.

to supplement the petition, and addresses the claim that counsel was ineffective for failing to object to the reasonable doubt instruction, and two claims from the 2010 PCRA petition that Moore had raised in the 1925(b) statement. Trial Court Opinion, filed Apr. 18, 2019, at 4, 6-8. The court found the claims meritless. Moore filed a Notice of Appeal.

Moore raises the following claims on appeal:

> 1. Regarding the underlying claim that trial counsel was ineffective for failing to object to the trial court's instruction on reasonable doubt:
>
>> (a) did the PCRA court err in failing to address this claim and/or
>>
>> (b) was PCRA counsel ineffective for failing to raise this claim?
>
> 2. Was PCRA counsel ineffective for failing to raise the claim that trial counsel was ineffective for failing to object to the trial court's instruction to the jury that "[a]s you go through this process, you will very likely conclude that one of the witnesses testified falsely and did so intentionally", as this invaded the province of the jury, directing it to disbelieve the lone defense witness?
>
> 3. Was PCRA counsel ineffective for failing to raise the claim that trial counsel was ineffective for failing to object to the trial court's concerted efforts to coerce a guilty verdict from this jury?
>
> 4. Was PCRA counsel ineffective for failing to raise the claim that direct appeal counsel was ineffective for failing to raise the claim that the trial court erred in precluding the defense alibi witness from testifying that the reason she recalled Moore's whereabouts on the day and at the time in question (as opposed to any other day) was because she had heard later that same day that the decedent had been shot and killed?

5. Was PCRA counsel ineffective for failing to raise the claim that trial counsel was ineffective for failing to object to the prosecutor's closing statement in which he argued that critical witness Detective Richard Harris would not lie because to do so would risk "everything", including his "badge" and "pension", as these statements were not supported by any evidence in the record, constitute improper vouching for the credibility of the witness, and invite the jury to speculate on the adverse consequences to the police should it acquit the defendant?

Moore's Br. at 3-4 (footnote omitted).

We first address Moore's claim that his counsel was ineffective for failing to object to the trial court's reasonable doubt jury instruction,[4] which included an example concerning whether jury members would pursue an experimental treatment for a loved one with a life-threatening condition:

The Commonwealth bears the burden; and if the evidence that has been presented in the entire case fails to meet the Commonwealth's burden, then your verdict must be not guilty.

On the other hand, if the evidence does prove beyond a reasonable doubt that Rasul Moore is guilty of the crimes charged, then your verdict must be guilty.

Now, although the Commonwealth bears the burden of proving that this citizen is guilty, that does not mean that the Commonwealth must prove its case beyond all doubt. The Commonwealth is not required to prove its case to a mathematical certainty nor must it demonstrate the complete impossibility of innocence. A reasonable doubt is a doubt that would cause a reasonably careful and sensible person to pause, to hesitate, or to refrain from acting upon a matter of the highest importance to their own affairs or to their own interests. A reasonable doubt must fairly arise out

_____

[4] Because the trial court states in its 1925(a) opinion that it granted leave to supplement the petition, and addressed the issue, we do not find remand for entry of an order granting the petition necessary.

of the evidence that was presented or out of the lack of evidence presented with respect to some element of the crimes charged.

. . .

What I want you to focus on is . . . reasonable doubt, what it means when a reasonably careful and sensible person pauses or hesitates or refrains from acting. Take, for example, if someone you loved dearly -- your child, your spouse, your significant other -- someone truly precious to you was told by their physician that they had a life-threatening condition, condition was terminal, and that the only protocol that existed for treatment of that condition was an experimental surgery.

Now, if you're like me, you very likely are going to seek a second opinion. You're probably going to get a third opinion. You're probably going to go on the Internet and research what is this condition your loved one has.

You might call up, asking them, "What have you heard? Does this work?" Obviously, what you're looking for is a guarantee that the surgery will cure your loved one; but at some point the question will be called. There is no guarantee. It's an experimental procedure. If you choose to go forward with this procedure for your loved one, it may not necessarily be because you have eliminated all doubt. It will be because you have eliminated all reasonable doubt. If you have reasonable doubt, you won't have the procedure; but if all reasonable doubt is gone, you will go forward.

A reasonable doubt must be a real doubt. It may not be one that is imagined or manufactured in order to avoid carrying out an unpleasant responsibility.

You may not find this citizen guilty based upon a mere suspicion of guilt. The Commonwealth bears the burden of proving that this citizen is guilty beyond a reasonable doubt. If the Commonwealth has met that burden, then the defendant is no longer presumed to be innocent; and you must find him guilty. On the other hand, if the Commonwealth has not met its burden, you must find him not guilty.

N.T., 3/23/2005, at 136-39.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).

To prevail on an ineffective assistance of counsel claim, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Ousley**, 21 A.3d at 1244 (quoting **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa.Super. 2010)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." **Id.** (quoting **Rivera**, 10 A.3d at 1279).

Moore relies on **Brooks v. Gilmore**, 2017 WL 3475475 (E.D.Pa. Aug. 11, 2017), a case from the United States District Court for the Eastern District of Pennsylvania that found an instruction nearly identical to the instruction at issue to be unconstitutional.[5] We are "not bound by the decisions of federal courts inferior to the U.S. Supreme Court." **In re Stevenson**, 40 A.3d 1212, 1216 (Pa. 2012). Further, there is no published decision from this Court or

---

[5] In this appeal, the Commonwealth does not argue that the instruction is constitutional. Although the Commonwealth initially filed an appeal in **Brooks**, it subsequently withdrew the appeal by agreement of the parties. **Brooks v. Superintendent Greene SCI**, 2018 WL 1304895 (3d Cir. Feb. 28, 2018). The United States Court of Appeal for the Third Circuit therefore has not decided the issue.

- 7 -

from the Pennsylvania Supreme Court deciding whether the instruction at issue is constitutional.

Moore concedes that the instruction included a correct statement of the reasonable doubt standard. Moore's Br. at 17. However, he argues that the medical illustration "inserted a requirement that any doubt worthy of acquittal must be so serious and grave that it would rise to the level causing a mother to reject surgery for her dying child when surgery was the only protocol that could save the child." *Id.* He claims this example "relieved the Commonwealth of its high burden to prove guilt beyond a reasonable doubt." *Id.* at 18. He further argues that by using the term "moving forward," the instruction was error because the instruction should inform a jury to vote for acquittal if the jury would pause or hesitate before acting. *Id.* at 23.

The PCRA court concluded that the underlying claim—that the court issued an unconstitutional reasonable doubt instruction—lacked merit. Trial Court Op., Apr. 18, 2019, at 6-7. We agree.

We review "the jury charge as a whole to determine if it is fair and complete." *Commonwealth v. Jones*, 954 A.2d 1194, 1198 (Pa.Super. 2008) (quoting *Commonwealth v. Einhorn*, 911 A.2d 960, 975 (Pa.Super. 2006)). "[A]n imperfect instruction does not constitute reversible error where the charge, taken as a whole, fairly and accurately conveys the essential meaning." *Commonwealth v. Uderra*, 862 A.2d 74, 92 (Pa. 2004). "A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented

to the jury for its consideration." ***Jones***, 954 A.2d at 1198 (quoting ***Einhorn***, 911 A.2d at 975).

A jury instruction violates due process if there is a reasonable likelihood that the jury interpreted the instruction to allow a conviction based on a degree of proof below the reasonable doubt standard. ***Victor v. Nebraska***, 511 U.S. 1, 5 (1994). The United States Supreme Court has found that defining reasonable doubt as a "grave uncertainty" or "actual substantial doubt" suggests a higher degree of doubt than required for acquittal under the reasonable doubt standard. ***Cage v. Louisiana***, 498 U.S. 39, 41 (1991). It concluded a reasonable jury could interpret such terms, when considered "with reference to 'moral certainty,' rather than evidentiary certainty, . . . to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause." ***Id.*** The Supreme Court clarified that, when determining whether an instruction is unconstitutional, "the proper inquiry is not whether the instruction 'could have' been applied in an unconstitutional manner, but whether there is a reasonable likelihood that the jury did so apply it." ***Victor***, 511 U.S at 6 (citing ***Estelle v. McGuire***, 502 U.S. 62, 72, and n. 4, (1991)).

Here, when viewed as a whole, the charge accurately informed the jury that it could find Moore guilty only if it found that the Commonwealth proved the elements of the offense beyond a reasonable doubt. The trial court accurately defined reasonable doubt as:

> A reasonable doubt is a doubt that would cause a reasonably careful and sensible person to pause, to hesitate, or to refrain from acting upon a matter of the highest importance

> to their own affairs or to their own interests. A reasonable doubt must fairly arise out of the evidence that was presented or out of the lack of evidence presented with respect to some element of the crimes charged.

N.T., 3/23/2005, at 136-37.

The court's analogy was at best ambiguous. It asked the jurors to consider a decision between undergoing an experimental surgery, with unknown efficacy and unknown risk, recommended by a single doctor, and leaving a loved one with a "life threatening" condition. Moore contends the instruction required the jury to choose between an experimental procedure and death, such that the jury could have understood the degree of doubt the Commonwealth must overcome to secure a conviction as being lower than the law requires. That is one possibility. On the other hand, the jury could have viewed the "experimental" nature of the procedure as risking a decrease in the loved one's quality of life, with little to no possibility of saving the loved one's life, such that one might be unwilling to "go forward."

It is thus not clear that the illustration lowered the degree of doubt, as Moore contends, rather than increasing it. When we view the ambiguous medical illustration in combination with the trial court's accurate definition of the reasonable doubt standard, we do not believe there is a "reasonable likelihood" that the jury applied the reasonable doubt standard in an unconstitutional manner. ***See also Commonwealth v. Nam***, 2019 WL 3946049, at *3 (Pa.Super. filed Aug. 21, 2019) (concluding an almost identical set of instructions "when read in context of the entire instruction . . . states the law accurately").

We therefore conclude that the PCRA court did not err in finding the underlying claim regarding the reasonable doubt instruction lacked merit, and therefore that Moore failed to establish his counsel was ineffective for failing to object to the instruction. Because we find the underlying issue lacks merit, we do not address the remaining ineffectiveness prongs.

Moore has waived his remaining issues on appeal, as he failed to raise them in his PCRA petitions, or in his supplement to his PCRA petition. ***Commonwealth v. Reid***, 99 A.3d 470, 494 (Pa. 2014) (concluding claim waived where not raised in PCRA petition and raised for first time in supplemental 1925(b) statement).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2019